IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

FILED
IN CLERKS OFFICE

2004 MAY 28 P 3: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

ERIC FARETRA,

    Plaintiff,

v.

JOHN KEITH and CHAMPS SPORTS SHOPS OF MASSACHUSETTS, INC.,

    Defendants.

04 11133

Case No. _____

MAGISTRATE JUDGE Alexander

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. F.O.M
DATE 5/28/04

### NOTICE OF REMOVAL

Comes now real defendant in interest Armel, Inc.,[1] through counsel, and files this Notice of Removal of the above-referenced state court case to this Court pursuant to 28 U.S.C. § 1441(a). In support of this notice, the Defendant respectfully states and shows the Court as follows:

1.    On March 4, 2004, a Complaint was filed against CSSMI in the Superior Court for Middlesex County, State of Massachusetts, Case No. MICV2004-00833, entitled *Faretra v. Keith et al.* Armel's registered agent in Massachusetts, CT Corporation, received a copy of the Summons and Complaint on April 30, 2004.

2.    This action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332(a), and thus is one that may be removed to this Court by defendant under the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

---

[1]    In his state-court Complaint, plaintiff sues Champs Sports Shops of Massachusetts, Inc. In fact, as set forth in the accompanying Affidavit of Sheilagh M. Clarke, Champs Sports Shops of Massachusetts, Inc. ("CSSMI") no longer exists as a corporation. It was dissolved in or around December 1990.

1445399v1

a.       The plaintiff is and was at the time of filing his Complaint a resident and citizen of the State of Massachusetts. *See* Complaint at ¶ 1. Armel, the real party in interest, is incorporated in the State of Florida and has its principal place of business in the State of New York. Based upon plaintiff's Complaint, it is reasonably probable that the other purported defendant in this matter, John Keith, is also not a citizen of Massachusetts – plaintiff identifies him in the Complaint as a "fugitive from justice whose whereabouts are unknown." *See* Complaint at ¶ 2. In addition, Mr. Keith has not been served with process and, in light of his unknown whereabouts and fugitive status, is unlikely to ever become a party to this action. Thus, there is complete diversity of citizenship between the real parties in this suit.

b.       Plaintiff asserts a claim of negligence against defendant. Plaintiff alleges that he has "incurred severe personal and emotional injuries" and that he "was caused to suffer great pain of body and anguish of mind, his earning capacity was and will be impaired, and he has expended and will continue to expend large sums of money for medical care and attendance." *See* Complaint at ¶¶ 10, 11. Defendant believes that there is no factual basis for plaintiff's claims and that plaintiff is not entitled to recover damages. However, plaintiff clearly requests relief, as alleged in his Complaint, that satisfies the jurisdictional minimum as it is reasonably probable, based on plaintiff's Complaint, that if plaintiff prevailed on his claims he would seek an award in excess of $75,000.

c.       This Notice of Removal is being timely filed pursuant to 28 U.S.C. §1446(b).

3. Defendant has attached to this Notice of Removal as **Collective Exhibit A**, a copy of all process, pleadings, and orders it has received in the state court action, as required by 28 U.S.C. § 1446(a).

4. Attached as **Exhibit B** is the Affidavit of Sheilagh M. Clarke, describing the relationship between Armel and CSSMI.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action is pending.

6. A Notice of Removal is being filed simultaneously with the State Court and provided to all parties as required by 28 U.S.C. § 1446(d). A copy of such Notice is attached as **Exhibit C**.

WHEREFORE, defendant prays that this case be removed from the Superior Court for Middlesex County, Massachusetts, and proceed in the United States District Court for the District of Massachusetts, at Boston, as an action properly removed thereto.

Respectfully submitted,

MORGAN BROWN & JOY, LLP

By: _____
Robert P. Joy, Esq., BBO #254820

One Boston Place
Boston, Massachusetts 02108-4472
Telephone: (617) 523-6666
Facsimile: (617) 367-3125

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on Plaintiff's counsel, via United States mail, this 28th day of May, 2004, using the following contact information:

Darin M. Colucci, Esq.
COLUCCI, COLUCCI & MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186

ATTORNEY FOR PLAINTIFF

_____
Attorney for Defendant

- 4 -

1445399v1

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                   SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO.:

Eric Faretra,                )
        Plaintiff            )
                             )
v.                           )
                             )
John Keith and Champs Sport Shops )
of Massachusetts, Inc.       )
        Defendant            )
                             )

## COMPLAINT AND JURY DEMAND

### THE PARTIES

1. The plaintiff, Eric Faretra, resides at 12 Bailey Street in Somerville, County of Middlesex, Commonwealth of Massachusetts.

2. The defendant, John Keith, is currently a fugitive from justice whose whereabouts are unknown.

3. The defendant, Champs Sport Shops of Massachusetts, Inc. d/b/a FootLocker, is a Massachusetts Corporation with an usual place of business of 3 Faneuil Hall Marketplace, City of Boston, County of Suffolk, Commonwealth of Massachusetts.

### THE FACTS

4. At all material times hereto, the defendant, John Keith, was an employee of the defendant, Champs Sport Shops of Massachusetts, Inc. (hereinafter FootLocker).

5. At all material times hereto, the defendant, John Keith, held a supervisory/managerial position with the defendant, FootLocker.

6. At no time prior to hiring Mr. Keith or at any time during his employment, did FootLocker undertake to investigate and or screen in anyway, Mr. Keith's background.

7. In or around September of the year 2000, the defendant, John Keith, as a

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

representative and/or agent of FootLocker, hired seventeen year old Eric Faretra. At all material times hereto, the defendant, John Keith, remained Mr. Faretra's direct supervisor.

8. During Mr. Faretra's tenure as a FootLocker employee, he was routinely subjected to physical and sexual abuse at the hands of his direct supervisor, the defendant, John Keith. These lewd, uncivilized and reprehensible acts were performed at the FootLocker store where he worked in Burlington, Massachusetts.

9. After enduring months of this horrendous sexual abuse, Eric Faretra finally confided in family members that he was being abused by his supervisor at FootLocker. Mr. Faretra's family ultimately contacted the authorities and Mr. Keith was brought up on charges for his conduct which remain pending in Middlesex Superior Court.

10. As a result of Mr. Keith's horrendous acts and as a result of the carelessness and negligence of the defendant, FootLocker in failing to perform a background check and or monitor its employees' conduct, the plaintiff, Eric Faretra, has incurred severe personal and emotional injuries.

11. As a result of the personal and emotional injuries sustained as aforesaid, the plaintiff, Eric Faretra, was caused to suffer great pain of body and anguish of mind, his earning capacity was and will be impaired, and he has expended and will continue to expend large sums of money for medical care and attendance.

## CAUSES OF ACTION
(The Causes of Action specifically incorporate by reference all of those paragraphs previously set forth)

### FIRST CAUSE OF ACTION

12. This is an action by the plaintiff, Eric Faretra, against the defendant, John Keith, for sexual abuse resulting in personal and emotional injuries.

### SECOND CAUSE OF ACTION

13. This an action by the plaintiff, Eric Faretra, against the defendant, John Keith, for sexual battery resulting in personal injuries.

### THIRD CAUSE OF ACTION

COLUCCI,
COLUCCI &
MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

14. This is an action by the plaintiff, Eric Faretra, against the defendant, John Keith, for rape resulting in a personal and emotional injuries.

### FOURTH CAUSE OF ACTION

15. This is an action by the plaintiff, Eric Faretra, against the defendant, John Keith, for the negligent infliction of emotional distress.

### FIFTH CAUSE OF ACTION

16. This is an action by the plaintiff, Eric Faretra, against the defendant, FootLOcker, for negligence resulting in personal injuries.

### DEMANDS FOR RELIEF

17. The plaintiff, Eric Faretra, demands judgement against the defendant, John Keith, with interest and costs as to the first cause of action.

18. The plaintiff, Eric Faretra, demands judgement against the defendant, John Keith, with interest and costs as to the second cause of action.

19. The plaintiff, Eric Faretra, demands judgement against the defendant, John Keith, with interest and costs as to the third cause of action.

20. The plaintiff, Eric Faretra, demands judgement against the defendant, John Keith, with interest and costs as to the fourth cause of action.

21. The plaintiff, Eric Faretra, demands judgement against the defendant, FootLocker, with interests and costs as to the fifth cause of action.

### JURY CLAIM

22. The Plaintiff claims a trial by jury.

COLUCCI,
COLUCCI &
MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

Respectfully submitted,

For the Plaintiff,

By his Attorneys,

COLUCCI, COLUCCI & MARCUS, P.C

_____
Darin M. Colucci
BBO#563232
552 Adams Street
Milton, MA 02186
(617) 698-6000

Dated: March 4, 2004

COLUCCI,
COLUCCI &
MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX SUPERIOR COURT

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO: MICV2004-00833

ERIC FARETRA,

          Plaintiff,

v.

JOHN KEITH and CHAMPS SPORT
SHOPS of MASSACHUSETTS, INC.

          Defendant.



**ANSWER**

    Comes now defendant Champs Sports Shops of Massachusetts, Inc. ("CSSMI"), and states the following in answer to plaintiff's Complaint:

    1.     CSSMI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies the allegations.

    2.     CSSMI admits that it does not know the whereabouts of defendant Keith. CSSMI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Complaint, and therefore denies the allegations.

    3.     CSSMI admits that it was a corporation organized under the laws of the Commonwealth of Massachusetts, but that it was dissolved on or about December 31, 1990. Further answering, CSSMI specifically denies that it owns or operates any facilities within the Commonwealth of Massachusetts. Moreover, CSSMI did not exist as

a corporation at any time relevant to this lawsuit.[1] CSSMI denies all remaining allegations set forth in paragraph 3 of the Complaint.

4. CSSMI denies the allegations set forth in paragraph 4 of the Complaint.

5. CSSMI denies the allegations set forth in paragraph 4 of the Complaint.

6. CSSMI denies that it ever hired or employed defendant Keith and further denies any and all remaining allegations set forth in paragraph 6 of the Complaint.

7. CSSMI denies that it ever hired or employed plaintiff Faretra or defendant Keith and further denies any and all remaining allegations set forth in paragraph 7 of the Complaint.

8. CSSMI denies that it ever hired or employed plaintiff Faretra or defendant Keith and further denies any and all remaining allegations set forth in paragraph 8 of the Complaint.

9. CSSMI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, regarding what plaintiff Faretra told his family, and therefore denies the allegations. CSSMI further denies that it ever hired or employed plaintiff Faretra or defendant Keith and further denies any and all remaining allegations set forth in paragraph 9 of the Complaint.

---

[1] CSSMI was dissolved in or around December 1990. Armel, Inc., a Florida corporation with its principal place of business in New York, became aware of this lawsuit and is filing this answer on behalf of CSSMI. To assist in the judicial process, Armel, Inc. wishes for the Court and the other parties to know that CSSMI was a wholly-owned subsidiary of Armel, Inc. prior to the time CSSMI was dissolved. Armel, Inc. adds that it, too, did not operate any Massachusetts Champs Sports stores during the relevant time period.

2

10. CSSMI denies the allegations set forth in paragraph 10 of the Complaint.

11. CSSMI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and therefore denies the allegations.

12. CSSMI admits that plaintiff has filed a Complaint and alleged that he has a cause of action against John Keith for sexual abuse. CSSMI denies all remaining allegations set forth in paragraph 12 of the Complaint and hereby incorporates in its answer to paragraph 12 all answers set forth above.

13. CSSMI admits that plaintiff has filed a Complaint and alleged that he has a cause of action against John Keith for sexual battery. CSSMI denies all remaining allegations set forth in paragraph 13 of the Complaint and hereby incorporates in its answer to paragraph 13 all answers set forth above.

14. CSSMI admits that plaintiff has filed a Complaint and alleged that he has a cause of action against John Keith for rape. CSSMI denies all remaining allegations set forth in paragraph 14 of the Complaint and hereby incorporates in its answer to paragraph 14 all answers set forth above.

15. CSSMI admits that plaintiff has filed a Complaint and alleged that he has a cause of action against John Keith for negligent infliction of emotional distress. CSSMI denies all remaining allegations set forth in paragraph 15 of the Complaint and hereby incorporates in its answer to paragraph 15 all answers set forth above.

16. CSSMI admits that plaintiff has filed a Complaint and alleged that he has a cause of action against CSSMI for negligence. CSSMI denies all remaining

allegations set forth in paragraph 16 of the Complaint and hereby incorporates in its answer to paragraph 16 all answers set forth above.

17. For its answer to paragraphs 17 through 20 of the Complaint, CSSMI states that those paragraphs of the Complaint assert a right to judgment against an absent party, not CSSMI, and CSSMI is not required to answer those allegations. Further answering, CSSMI incorporates herein its answers to all prior paragraphs of the Complaint.

18. CSSMI denies that plaintiff is entitled to any judgment against CSSMI and denies all allegations set forth in paragraph 21 of the Complaint. CSSMI further prays for entry of judgment in its favor, as well as an award of costs, reasonable attorneys' fees, and such additional relief as the Court deems appropriate.

19. CSSMI acknowledges that plaintiff has requested a trial by jury in this matter.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against CSSMI are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against CSSMI are barred, and this action should be dismissed, because plaintiff has not served CSSMI with a summons and complaint, as required in the Massachusetts Rules of Civil Procedure.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Massachusetts workers' compensation laws provide the sole and exclusive remedy for plaintiff's alleged harms.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they may properly be brought only under the Massachusetts anti-discrimination laws and related anti-harassment provisions, as alleged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial with respect to some or all of his alleged claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because CSSMI has been dissolved and plaintiff did not bring his claims against CSSMI within the period allowed for actions against a dissolved corporation.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not sued the proper defendant as his employer.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to act reasonably and properly to mitigate his own damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his own negligence and conduct and/or the negligence and conduct of other persons.

## TWELFTH AFFIRMATIVE DEFENSE

All allegations not specifically admitted herein are denied.

CSSMI reserves its right to amend its answer and add any additional or further defenses as may be appropriate; to delete or withdraw defenses; and to add such counterclaims as may become necessary following discovery or other investigation and respectfully requests the Court dismiss plaintiff's claims, with prejudice, award judgment in favor of CSSMI, and award to Armel, Inc. such costs, attorney's fees, and other relief as the Court deems appropriate.

Respectfully submitted,

MORGAN BROWN & JOY, LLP

By: _____
Robert P. Joy, Esq., BBO #254820

One Boston Place
Boston, Massachusetts 02108-4472
Telephone: (617) 523-6666
Facsimile: (617) 367-3125

ATTORNEYS FOR DEFENDANT
CHAMPS SPORTS SHOPS OF
MASSACHUSETTS, INC.

### CERTIFICATE OF SERVICE

I, Robert P. Joy, hereby certify that I have served a copy of Defendant's Answer, by first class mail, postage prepaid, this 20th day of May, 2004, upon Daris M. Colucci, Esq., 552 Adams Street, Milton, MA 02186

_____
Attorney for Defendant

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 28  P 3: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Eric Faretra v. John Keith, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

   04 11133 MLW

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   None to removing party's knowledge.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                          YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                          YES        (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                          YES         NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                          YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                         (YES)        NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       (EASTERN DIVISION)           CENTRAL DIVISION            WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION             CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Robert Joy
ADDRESS           One Boston Place, Massachusetts 02108-4472
TELEPHONE NO.     (617) 523-6666

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

**FILED IN CLERKS OFFICE**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

2004 MAY 28 P 3: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

## I. (a) PLAINTIFFS
Eric Faretra

**DEFENDANTS**
John Smith and Champs Sports Shops of Massachusetts, Inc.

(b) County of Residence of First Listed Plaintiff __Middlesex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Darin M. Colucci, Esq.
Colucci, Colucci & Marcus, P.C.
552 Adams Street
Milton, Massachusetts 02186

Attorneys (If Known)
Robert P. Joy, Esq.
Morgan Brown & Joy, LLP
One Boston Place
Boston, Massachusetts 02108-4472

04-11133-MLW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action brought by plaintiff under Massachusetts state law, and removed to this Court on the basis of diversity jurisdiction (28 U.S.C. Section 1332).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unspecified Amount -- Greater than $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/28/04
SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____