```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


ERIC FARETRA,                     )
     Plaintiff,                   )
                                  )
     v.                           )    CA. No. 04-11133-MLW
                                  )
JOHN KEITH and CHAMPS SPORTS      )
SHOPS OF MASSACHUSETTS, INC.,     )
     Defendants.                  )
                                  )
```

                                ORDER

WOLF, D.J.                                              June 1, 2005

     As described in court on June 1, 2005, this case was improperly removed. A case may only be removed to federal court if it could have been brought originally in federal court. See 28 U.S.C. §1441(a); see also American Policyholders Ins. Co. v. Nyacol Prods., Inc. 989 F.2d 1256, 1258 (1st Cir. 1993).

     The Notice of Removal (Docket No. 1) states that the case is removable under 28 U.S.C. §1441(a) as an action in which the court has original jurisdiction under 28 U.S.C. §1332, due to the diversity of the parties. However, diversity jurisdiction does not exist in this case because there is not complete diversity between the parties. "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal. Newman-Green, Inc. v. Alfronzo-Larrain et al, 490 U.S. 826, 829 (1989) (quoting Strawbridge v. Curtiss, 7 U.S. 267 (1806)).

     Plaintiff Eric Faretra is a citizen of Massachusetts.

Defendant John Keith is a fugitive from justice. It is undisputed, however, that Keith's last known residence was 216 Belmont Street, Malden, Massachusetts. A fugitive's last domicile before flight is his domicile for determining whether diversity jurisdiction exists. Lloyd v. Loeffler, 694 F.2d 489, 491 (7th Cir. 1982) ("Probably the last domicile of [a] fugitive before he fled should be his domicile for diversity purposes."); see also Howell v. Tribune Entertainment Company, 106 F.3d 215, 218 (7th Cir. 1997); Stephens v. Haliburton Co., 2003 WL 22077752, *5 (N.D. Tex. 2003).

Therefore, complete diversity does not exist between the parties and removal is impermissible. See In re Norplant Contraceptive Prods. Liability Litigation, 889 F.Supp. 271, 275-76 (D.C. Tex. 1995) (holding that the presence of named, unserved defendant is sufficient to defeat diversity-based removal jurisdiction); see also Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §3723.

Accordingly, it is hereby ORDERED that this case is REMANDED to the Superior Court of the Commonwealth of Massachusetts for Middlesex County, pursuant to 28 U.S.C. §1447(c).

                                                  /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT COURT